IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-00348-BNB

DARREL GUICE,

    Applicant,

v.

COLORADO DEPARTMENT OF CORRECTIONS PAROLE DIVISION, by and through Executive Director JEANNIE MILLER, and
WILLIAM LOVINGIER, Undersheriff of Colorado,

    Respondents.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

FEB 24 2009

GREGORY C. LANGHAM
CLERK

---

## ORDER DIRECTING APPLICANT TO FILE AMENDED APPLICATION

---

Applicant, Darrel Guice, currently is incarcerated at the Denver County Jail. Mr. Guice has filed *pro se* an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 asserting two claims apparently concerning his arrest on an alleged parole violation. As relief, he asks for his immediate release from custody and the restoration of his parole status. He has paid the $5.00 filing fee for a habeas corpus action.

The Court must construe the habeas corpus application liberally because Mr. Guice is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Guice will be ordered to file an amended habeas corpus application.

The Federal Rules of Civil Procedure apply to applications for habeas corpus relief. *See* Fed. R. Civ. P. 81(a)(2); ***Browder v. Director, Dep't of Corrections***, 434 U.S. 257, 269 (1978); ***Ewing v. Rodgers***, 826 F.2d 967, 969-70 (10th Cir. 1987). Pursuant to Fed. R. Civ. P. 8(a), a pleading "shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks." Fed. R. Civ. P. 8(e)(1) provides that "[e]ach averment of a pleading shall be simple, concise, and direct." Taken together, Rules 8(a) and (e)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Mr. Guice's habeas corpus application is vague. The Court has determined from an attachment to the application that Mr. Guice apparently was charged on July 2, 2008, with violating parole by committing first-degree burglary, second-degree kidnapping, and aggravated robbery on June 17, 2008. However, Mr. Guice's statement of his claims is unintelligible. Mr. Guice fails to allege what, if any, constitutional violations he is asserting. *See* 28 U.S.C. § 2241(c). He fails to allege specific facts in support of his claims to demonstrate that his federal constitutional rights have been violated. He relies, instead, upon attachments to the application to explain his claims.

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts (Section 2254 Rules) requires Mr. Guice to go beyond notice pleading. *See*

2

***Blackledge v. Allison***, 431 U.S. 63, 75 n.7 (1977). Rule 1(b) of the Section 2254 Rules applies the rules to a § 2241 application. Naked allegations of constitutional violations are not cognizable under 28 U.S.C. § 2241. ***See Ruark v. Gunter***, 958 F.2d 318, 319 (10th Cir. 1992) (per curiam). Therefore, the Court finds that the application is deficient because it fails to comply with Fed. R. Civ. P. 8. In addition, Mr. Guice's claims, which are written in pencil, are smudged, making them nearly unreadable in violation of Rule 10.1G. of the Local Rules of Practice of this Court.

Finally, the Court notes that Mr. Guice does not appear to have named a proper Respondent in the application. The named Respondents in the application are the Colorado Department of Corrections' Parole Division, its executive director, and the undersheriff of Colorado, even though there is no indication that any of these entities or individuals currently has custody over Mr. Guice. The law is well-established that the only proper respondent to a habeas corpus action is the applicant's custodian. ***See*** 28 U.S.C. § 2242; Rules 2(a) and 1(b) of the Section 2254 Rules; ***Harris v. Champion***, 51 F.3d 901, 906 (10th Cir. 1995). It appears that the warden of the Denver County Jail is the proper Respondent in this action because Mr. Guice alleges that he is incarcerated at that jail. Therefore, Mr. Guice will be directed to name the proper Respondent in the amended application he will be ordered to file. Accordingly, it is

ORDERED that Applicant, Darrell Guice, file **within thirty (30) days from the date of this order** an amended habeas corpus application that complies with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure, with the Rules

Governing Section 2254 Cases in the United States District Courts, and with Rule 10.1G. of the Local Rules of Practice of this Court. It is

FURTHER ORDERED that the clerk of the Court mail to Mr. Guice, together with a copy of this order, two copies of the following form to be used in submitting the amended application: Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. It is

FURTHER ORDERED that the amended application shall be titled, "Amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241," and shall be filed with the Clerk of the Court for the United States District Court for the District of Colorado at the Alfred A. Arraj U.S. Courthouse, 901 Nineteenth Street, Room A-105, Denver, Colorado 80294-3589. It is

FURTHER ORDERED that if Mr. Guice fails within the time allowed to file an amended application as directed, the application will be denied and the action will be dismissed without further notice.

DATED February 24, 2009, at Denver, Colorado.

               BY THE COURT:

               s/ Boyd N. Boland
               United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-00348-BNB

Darrel Guice
Prisoner No. 1593947
Denver County Jail
P.O. Box 1108
Denver, CO 80201

    I hereby certify that I have mailed a copy of the **ORDER and two copies of the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 form** to the above-named individuals on 2/24/09

GREGORY C. LANGHAM, CLERK

By: _____
       Deputy Clerk