IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-00348-BNB

DARREL GUICE,

Applicant,

v.

EXECUTIVE DIRECTOR OF THE COLORADO DEPARTMENT OF CORRECTIONS,

Respondent.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUN 1 2 2009

GREGORY C. LANGHAM
CLERK

## ORDER OF DISMISSAL

Applicant, Darrel Guice, currently is housed in the Denver County Jail. Mr. Guice has filed with the Court *pro se* an amended application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. He paid the $5.00 filing fee for a habeas corpus action.

In an order filed on March 31, 2009, Magistrate Judge Boyd N. Boland ordered the state Attorney General to file within twenty days a preliminary response limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies. On March 31, 2009, the Attorney General filed a preliminary response.

On April 15, 2009, the Attorney General submitted a motion to substitute party, informing the Court that the appropriate Respondent should be the executive director of the Colorado Department of Corrections. The motion to substitute party will be granted. The caption to this order has been corrected to reflect the substitution. On April 29, 2009, Applicant filed a reply to the preliminary response. On May 22, 2009, he filed a motion for summary judgment.

The Court must construe liberally the application, the reply, and the summary judgment motion filed by Mr. Guice because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will deny the application, and dismiss the action.

Mr. Guice currently is incarcerated at the Denver County Jail on a parole hold. He argues that the parole hold violates his state statutory and federal constitutional rights, that the warrants used in his arrest were unconstitutional, and that his defense counsel is refusing to argue relevant issues. He requests that the parole hold be lifted and that he immediately be discharged from custody.

A habeas corpus applicant is required to exhaust state remedies whether his action is brought under 28 U.S.C. § 2241 or 28 U.S.C. § 2254. *Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000). The exhaustion requirement is satisfied once the federal claim has been presented fairly to the state courts. *See Castille v. Peoples*, 489 U.S. 346, 351 (1989). Fair presentation requires that the federal issue be presented properly "to the highest state court, either by direct review of the conviction or in a postconviction attack." *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). A state prisoner bringing a federal habeas corpus action bears the burden of showing that he has exhausted all available state remedies. *See Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992).

Although Mr. Guice alleges that he has exhausted state remedies, there is no indication in the record that he ever filed a habeas action in state court before initiating the instant action. *See* preliminary response at ex. A (litigant search results). Applicant's appropriate remedy is to file a habeas corpus action in state court pursuant to the Colorado Habeas Corpus Act, Colo. Rev. Stat. §§ 13-45-101 through -119. He has failed to do so. Therefore, the application will be denied and the action dismissed without prejudice for failure to exhaust state remedies. Accordingly, it is

ORDERED that the motion to substitute party that the Attorney General submitted to the Court on April 15, 2009, is granted. It is

FURTHER ORDERED that the caption to this action has been changed to reflect the appropriate Respondent, the executive director of the Colorado Department of Corrections. It is

FURTHER ORDERED that the application is denied, and the action is dismissed without prejudice for failure to exhaust state remedies. It is

FURTHER ORDERED that the motion for summary judgment that Applicant filed with the Court on May 22, 2009, is denied.

DATED at Denver, Colorado, this 11 day of June, 2009.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-00348-BNB

Darrel Guice
Prisoner No. 1593947
Denver County Jail
P.O. Box 1108
Denver, CO 80201

Jennifer S. Huss
Assistant Attorney General
**DELIVERED ELECTRONICALLY**

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 6/12/09

GREGORY C. LANGHAM, CLERK

By: _____
      Deputy Clerk